NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 17 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN GUARD SERVICES, INC., | No.   17-55704 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-09259-PA-JEM |
| v. | |
| FIRST MERCURY INSURANCE<br>COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 10, 2018**
Pasadena, California

Before:  HURWITZ and OWENS, Circuit Judges, and PRESNELL,*** District
Judge.

American Guard Services, Inc. ("AGS") supplied security guards to a cruise

line.  One of those guards, Ramona Ligon, alleged that she was injured while

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

securing deck furniture during adverse weather at the behest of the ship's crew.

She sued both AGS and the cruise line – the latter on the theory that she was acting

as the cruise line's "borrowed servant"[1] when she was injured. AGS agreed to

defend the cruise line as well as itself and tendered defense of both sets of claims

to First Mercury Insurance Company ("First Mercury"), which had issued a

commercial general liability ("CGL") policy to AGS. First Mercury refused to

defend or indemnify AGS. AGS filed this suit, seeking declarations that First

Mercury was obligated to defend the claims as well as asserting a claim for breach

of the CGL policy.

The district court granted summary judgment to First Mercury, concluding

that the company had no duty to defend or indemnify AGS as to either the claims

brought directly against it by Ligon (the "Direct Claims") or the claims Ligon

brought against the cruise line (the "Indirect Claims"). The district court found

that First Mercury had no duty to defend AGS against the Direct Claims because

there was no possibility of coverage for them under the CGL policy regardless of

whether Ligon was AGS's employee or an employee of the cruise line under the

borrowed servant doctrine. If she were AGS's employee, then an "Employer

---

[1] Pursuant to the borrowed servant doctrine, "[w]hen one person puts his servant at the disposal and under the control of another for the performance of a particular service for the latter, the servant, in respect of his acts in that service, is to be dealt with as the servant of the latter and not of the former." *Denton v. Yazoo & M.V.R. Co.*, 284 U.S. 305, 308 (1932).

2

Liability" clause in the policy precluded coverage.[2]  And, if she were an employee

of the cruise line, she would have no claim against AGS for her injuries.  As for the

Indirect Claims, the CGL policy only imposed a duty on First Mercury to defend

such claims if a suit had been filed,[3] and the cruise line never filed a cross-claim or

separate suit against AGS, as required to trigger coverage.  *See Foster-Gardner,*

*Inc. v. Nat'l Union Fire Ins. Co.*, 959 P.2d 265 (Cal. 1998) (construing policy with

similar policy language and holding that language obligating insurer to defend

"suit" only applied where law suit had been filed, rather than merely threatened).

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's

granting of a motion for summary judgment de novo.  *Padfield v. AIG Life Ins.*

*Co.*, 290 F.3d 1121, 1124 (9th Cir. 2002).  We affirm.

AGS argues that the district court erred in its determination that the CGL

policy at issue could not provide coverage for the Direct Claims because there was

a disputed issue of material fact.  Specifically, AGS argues that the district court

---

[2]    The clause excluded coverage for "[b]odily injury" to "[a]n 'employee' of the insured arising out of and in the course of … [e]mployment by the insured; or … [p]erforming duties related to the conduct of the insured's business."

[3]    Specifically, the insuring clause of the CGL policy provided:
    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

improperly determined that Ligon was an AGS employee rather than a borrowed servant and that the Employer Liability exclusion therefore applied. However, as discussed above, the district court made no such determination, instead correctly finding that the CGL policy at issue would not provide coverage for the Direct Claims under either scenario.

As for the Indirect Claims, AGS attempts to distinguish *Foster-Gardner*, the case the district court relied on, by arguing that, unlike the parties in that case, it and the cruise line had actually been involved in litigation together – *i.e.*, Ligon's suit. However, AGS does not dispute the district court's finding that the cruise line never sued it, as required by *Foster-Gardner*, or explain why being co-defendants satisfies this requirement.

Finally, the breach of contract claim rests on the same contentions, rejected above, that First Mercury breached a duty to defend either of these sets of claims.

**AFFIRMED**.

4